UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

          Plaintiff,

  v.

CHARLES T. WEEMS,

          Defendant.

No. CR-07-2078-FVS

ORDER DISMISSING THE INDICTMENT WITHOUT PREJUDICE

**THIS MATTER** came before the Court on July 31, 2012, based upon the "Defendant's Motion to Dismiss for Speedy Trial Violation." He was represented by Rick L. Hoffman. The United States was represented by Alexander C. Ekstrom.

**BACKGROUND**

The following is a partial chronology of the case:

03/01/07: Law enforcement officers stopped the defendant's pickup and searched it without a warrant. They allegedly discovered a submachine gun and other contraband.

06/13/07: An indictment was filed charging the defendant with one count of possession of an unregistered firearm, 18 U.S.C. § 5861(d), one count of possession of a firearm in furtherance of a drug

Order - 1

|  |  |
|---|---|
|  | trafficking crime, 18 U.S.C. § 924(c)(1)(A), and one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). |
| 06/21/07: | The United States filed a "Motion for Detention." |
| 06/21/07: | The defendant was arraigned. |
| 06/21/07: | The United States' detention motion was granted. |
| 07/09/07: | The defendant filed a "Motion to Review Detention Order." This was docketed as ECF No. 17. |
| 07/19/07: | The defendant filed a "Motion to Continue." |
| 08/08/07: | The Court continued trial until October 22, 2007. |
| 08/30/07: | A magistrate judge entered an "Order Setting Conditions of Release." This resolved ECF No. 17. |
| 09/13/07: | The defendant filed a "Second Motion to Continue." |
| 10/11/07: | The Court continued trial until February 4, 2008. |
| 01/07/08: | The defendant filed a "Motion to Continue Pretrial and Trial." |
| 01/24/08: | The Court continued trial until June 9, 2008. |
| 03/12/08: | A warrant was issued for the defendant's arrest based, in part, upon probable cause to believe he had absconded. |
| 07/22/10: | The defendant was arrested in the Southern District of Georgia. |
| 07/26/10: | A magistrate judge in the Southern District of Georgia entered an order that is entitled |

Order - 2

| | |
|---|---|
| | "Commitment to Another District." |
| 08/20/10: | The United States filed a "Motion for Detention" in the Eastern District of Washington. |
| 08/23/10: | A magistrate judge granted the United States' detention motion. |
| 09/13/10: | The defendant filed a "Motion to Continue Pretrial and Trial." |
| 09/28/10: | The Court continued trial until December 6, 2010. |
| 10/19/10: | The defendant filed a "Motion to Continue Pretrial and Trial." |
| 11/24/10: | The defendant filed "Defendant's Motion to Suppress Evidence." |
| 11/24/10: | The Court continued trial until December 13, 2010. |
| 12/06/10: | The Court orally granted the suppression motion. |
| 12/21/10: | The Court entered a written order granting suppression and staying proceedings pending an appeal by the United States. |
| 01/18/11: | The United States filed a notice of appeal. |
| 12/21/11: | The Ninth Circuit reversed the suppression order. |
| 01/12/12: | The mandate was issued. |
| 05/01/12: | The defendant filed a "Motion to Continue." |
| 05/18/12: | The Court continued trial until August 20, 2012. |
| 07/06/12: | The defendant filed "Defendant's Motion to Dismiss for Speedy Trial Violation." |

Order - 3

**18 U.S.C. § 3161**

The Speedy Trial Act establishes a deadline, "[T]he trial of a defendant . . . shall commence within seventy days from the filing date . . . of the . . . indictment, or from the date the defendant has appeared before a judicial officer . . ., whichever date last occurs." 18 U.S.C. § 3161(c)(1). The indictment was filed on June 13, 2007, but the defendant did not appear before a judicial officer until June 21, 2007. On the 21st, the United States filed a detention motion. A magistrate judge granted the United States' detention motion on the 21st. Thus, the 21st is excluded from the computation of the 70-day speedy trial deadline. 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion"). The speedy trial clock began to run on June 22, 2007. The clock continued to run through July 8, 2007. The clock stopped on July 9, 2007, when the defendant filed a detention-review motion. **Seventeen unexcludable days elapsed during the period from June 22 through July 8.** The clock remained stopped for a long period of time. The clock had not restarted when the defendant absconded during March of 2008. The clock did not restart while he was absent. 18 U.S.C. § 3161(h)(3(A) ("[a]ny period of delay resulting from the absence . . . of the defendant"). The defendant was arrested in the Southern District of Georgia on July 22, 2010. The clock arguably restarted on that date. If it did, it stopped on July 26, 2010, when a magistrate judge in the Southern District of Georgia entered an order that is entitled "Commitment to Another

Order - 4

District." **If the clock restarted on July 22nd, then four unexcludable days elapsed during the period from July 22nd through July 25th.** Once the magistrate judge entered the order, the United States had ten days to transport the defendant to the Eastern District of Washington. 18 U.S.C. § 3161(h)(1)(F). Consequently, the clock restarted on August 6th. It stopped on August 20, 2010, when the United States filed a detention motion. **Fourteen unexcludable days elapsed during the period from August 6th through August 19th.** A magistrate judge granted the United States' motion on August 23, 2010. The clock restarted on August 24, 2010. It stopped on September 13, 2010, when the defendant filed a motion requesting a continuance. **Twenty unexcludable days elapsed during the period from August 24th through September 12th.** The clock remained stopped until mandate was issued on January 12, 2012. The clock restarted the next day. *See United States v. Pete*, 525 F.3d 844, 853 (9th Cir.2008). It ran until May 1, 2012, when the defendant filed a motion requesting a continuance. **One hundred nine unexcludable days elapsed during the period from January 13th through April 30th.** In sum, a total of 164 unexcludable days had elapsed by May 1, 2012. As a result, the defendant's statutory right to a speedy trial has been violated. The indictment must be dismissed. 18 U.S.C. § 3162(a)(2). The only issue is whether it must be dismissed with prejudice.

A district court must consider a number of factors in deciding whether to dismiss the indictment with prejudice. Three factors are

Order - 5

set forth explicitly in 18 U.S.C. § 3162(a)(2). They are "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." *Id.* These three factors are not necessarily the only relevant factors. A district court also should consider whether the defendant will suffer prejudice. *See United States v. Alvarez-Perez*, 629 F.3d 1053, 1062 (9th Cir.2010).

**RULING**

A. Seriousness

One factor the Court must consider is the seriousness of the crime. The United States alleges the defendant knowingly possessed an unregistered machine gun. If the United States can prove this allegation, the defendant's violations of federal firearms statutes are more serious than the typical firearms violations.

B. Facts and Circumstances

A second factor the Court must consider is the facts and circumstances that are leading to dismissal. The Court begins with "the sheer length of the period involved." *Alvarez-Perez*, 629 F.3d at 1063 (internal punctuation and citation omitted). This case has been pending for five years. The principal reason for the delay is the defendant's behavior. He requested several continuances and then absconded. Not only did he abscond, but he fled to the State of Georgia. He was not arrested until July of 2010. Given the location

of his arrest, proceedings were delayed by several additional weeks because the United States Marshals Service had to transport him across the county. As it turned out, the delay between March of 2008 and August of 2010 worked to his advantage. On April 21, 2009, the Supreme Court decided *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009) (hereinafter "*Gant*"). After his 2010 arrest, the defendant moved to suppress based upon *Gant*. This Court granted the motion; a ruling the United States appealed. During December of 2011, the Ninth Circuit reversed the Court's suppression order. Mandate issued on January 12, 2012. At that point, at least 14 days remained on the defendant's speedy trial clock. Had the Court scheduled trial during that period, the defendant would have had to decide whether to go to trial or move for a continuance. The defendant did not have to make that choice because the Court neglected to examine the speedy trial clock on January 12, 2012. Neither the United States nor the defendant reminded the Court to do so before the clock expired. It was not until April of 2012 that his attorney requested action on his case. By then, the defendant's right to a speedy trial had been violated. And the violation is not trivial. We are at least 90 days beyond the deadline for bringing him to trial.

### C. Impact of Reprosecution

A third factor the Court must consider is the impact of reprosecution upon the administration of the Speedy Trial Act and upon the administration of justice. Here, there was no fundamental

Order - 7

misunderstanding regarding the requirements of the Speedy Trial Act. *Cf. United States v. Clymer*, 25 F.3d 824, 832 (9th Cir.1994) ("the Speedy Trial Act violation here resulted from a basic misunderstanding of the appropriate use of the 'ends of justice' exclusion"). Nor was the delay a function of a "culture of poor compliance." *United States v. Medina*, 524 F.3d 974, 988 (9th Cir.2008). This Court takes pride in its record of compliance with the requirements of the Speedy Trial Act. Rather, the proximate cause of the speedy trial violation was the Court's failure to examine the defendant's speedy trial clock when mandate was issued.

D. Prejudice

A fourth factor the Court must consider is the risk of prejudice to the defendant in the event he is re-indicted. As he points out, the charges against him are based upon evidence that law enforcement officers seized from his pickup during the course of a warrantless search on March 1, 2007. He has moved to suppress the evidence in question. Whether he will prevail depends, in large part, upon the officers' credibility. The defendant suspects their memories have dimmed over the last five years. He is concerned he will not be able to impeach their accounts of what occurred because of their inability to remember critical details. One thing is certain. Five years is a long time to remember the details of a search. Indeed, it would be surprising if the officers' memories of the search have not faded. However, this circumstance may benefit the defendant. It is the

Order - 8

United States that bears the burden of proving the officers' actions were reasonable within the meaning of the Fourth Amendment. If the officers cannot remember what occurred, or if they cannot remember the event very clearly, the United States may be unable to satisfy its burden. Time will tell. However, at this juncture, the Court cannot say the defendant's ability to defend himself has been compromised by the speedy trial violation.

E. Balancing of Factors

The defendant requested three continuances during 2007 and 2008. He absconded during 2008, and when the Marshals Service returned him to this district, he requested two continuances during the autumn of 2010. The Court granted the continuances because it accepted his representations that his attorneys needed additional time to prepare. Given the defendant's requests for continuances, and given his decision to abscond, a case that could have been resolved during the summer of 2007 was still unresolved on November 1, 2010. Three years is a long time; but the defendant appears to have profited from the delay. The Supreme Court decided *Gant* on April 21, 2009. Had the defendant been convicted during the summer of 2007, it is unlikely his case would have been on direct appeal when *Gant* was decided. Still, that is not what occurred. Resolution of the defendant's case was delayed. The delay gave him an opportunity to take advantage of *Gant*. The Court granted his motion to suppress, but the Ninth Circuit reversed the order and remanded his case for further proceedings.

Order - 9

When mandate issued, it was the Court's duty to ensure the defendant received a trial before the speedy trial clock expired. The Court did not fulfill its responsibility in that regard. The indictment must be dismissed. Nevertheless, dismissing the indictment with prejudice would grant the defendant a windfall he does not deserve given his behavior in this case.

   **IT IS HEREBY ORDERED:**

   1. The "Defendant's Motion to Dismiss for Speedy Trial Violation" (**ECF No. 162**) is granted in part. The indictment is dismissed **without** prejudice.

   2. The "Defendant's Second Motion to Suppress Evidence" (**ECF 165**) is denied with leave to resubmit in the event a grand jury returns a new indictment.

   **IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order, furnish copies to counsel, and close the case.

   **DATED** this 31st day of July, 2012.

   _____
   Fred Van Sickle
   Senior United States District Judge